**CLD-210**                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3582
_____

WILLIAM JAMES ACKERMAN, SONS OF MENTAL ILLNESS,
Appellant

v.

OFFICE OF BEHAVIORAL HEALTH; KIM WELCH;
DR. KAREN MURPHY, SECRETARY; TOM WOLFF
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:15-cv-01326)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 7, 2016

Before: FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 21, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William James Ackerman appeals pro se and in forma pauperis from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because we agree that the complaint is frivolous, and conclude further that the appeal lacks arguable merit, we will dismiss the appeal pursuant to § 1915(e)(2)(B)(i).

This is the seventh civil action Ackerman has brought in the United States District Court for the Western District of Pennsylvania since December of 2012.[1] The District Court screened Ackerman's complaint pursuant to § 1915(e)(2). As with previous complaints Ackerman had filed, the District Court concluded that there was "no logical construction of Plaintiff's Complaint from which the Court may derive a viable claim against the named Defendants and that Mr. Ackerman could not cure the deficiencies by amendment." The District Court thus dismissed Ackerman's complaint as frivolous pursuant to § 1915(e)(2)(B)(i). This appeal followed.

On appeal, Ackerman has filed three documents which we construe as argument in support of his appeal. In addition, one of Ackerman's filings arguably seeks unspecified mandamus relief from this Court, although its content essentially just restates and reargues the points in Ackerman's complaint and other filings.

---

[1]     See dockets at Ackerman v. Mercy Behavior Health, et al., Civ. No. 2:12-cv-01807-TFM; Ackerman v. Mental Health Court, Civ. No. 2:13-cv-00173-TFM; Ackerman v. Western Psychiatric Institute Clinic, et al., Civ. No. 2:13-cv-00388-TFM; Ackerman v. Office of Behavior Health, et al., Civ. No. 2:13-cv-00417-TFM; Ackerman v. Mercy Behavior Health, et al., Civ. No. 2:14-cv-01199-TFM; and Ackerman v. Mercy Behavior Health, Civ. No. 2:15-cv-00304-TFM.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A complaint will be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is considered factually frivolous where "the facts alleged are 'clearly baseless,'" a standard that encompasses allegations that are "'fanciful,' . . . 'fantastic,' . . . and 'delusional[.]'" See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting and citing id. at 327-28). It is appropriate to make a finding of factual frivolousness "when the facts alleged rise to the level of the irrational or the wholly incredible[.]" Id. at 33.

After reviewing all of Ackerman's filings in the District Court and on appeal, we agree that the complaint lacks an arguable basis in law or fact, and we therefore conclude that the District Court correctly dismissed the complaint pursuant to § 1915(e)(2)(B)(i). Ackerman lists various forms of relief that he seeks without pleading facts that would support any cause of action. The complaint's allegations largely mirror those in Ackerman's previous lawsuits, which were all dismissed as frivolous. Ackerman lists vague and conclusory allegations of misconduct that apparently arise primarily out of the unspecified actions of Mercy Behavioral Health or its staff, but the present suit is directed against a county entity, and county and state officials. Ackerman never pleads with any specificity how those government entities and officials could be responsible for any of the alleged misconduct at Mercy Behavioral Health, let alone liable for a constitutional violation. To the extent Ackerman makes any allegations against the named defendants in this suit, he merely poses general objections to county or state policies without

3

pleading how those policies violated any constitutional provision, or how they have harmed him or any other mental health patient in any particular way.

Thus, even construing the complaint liberally, we conclude that it sets out only "clearly baseless" allegations that a District Court should dismiss as factually frivolous. See Denton, 504 U.S. at 32-33. We agree with the District Court that there is no logical construction of the complaint from which to derive a viable legal claim. On appeal, Ackerman essentially restates, reargues, and perhaps supplements the allegations in his complaint, without explaining how the District Court erred in any way. Consequently, we also conclude that Ackerman's appeal lacks arguable merit.

Finally, to the extent Ackerman arguably seeks mandamus relief from this Court, it is denied. Mandamus is an appropriate remedy only in the most extraordinary situations. In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). To justify such a remedy, a petitioner must show that he has (1) no other adequate means of obtaining the desired relief and (2) a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Grp., Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 403 (1976)). A mandamus petition is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. In Re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997), abrogated on other grounds Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009).

Here, Ackerman has availed himself of the ordinary appeal remedy, and he presents no argument as to why the standard appellate process could not provide him

4

relief. And, as discussed above, Ackerman's allegations have no arguable basis in law or fact, which precludes a finding that Ackerman has a clear and indisputable right to the issuance of a writ a mandamus.

For these reasons, we will dismiss the appeal.

5